UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| ANN L. HAUGHT, <br> 9130 Santa Rita Road <br> Baltimore, Maryland 21236 <br><br> Plaintiff, <br><br> v. <br><br> THOMAS E. WHITE, Secretary <br> DEPARTMENT OF THE ARMY <br> 101 Army Pentagon, N. W. <br> Washington, D. C. 20310-0101 <br><br> Defendant. | * <br> * <br> * <br> * <br> * C.A. No.: WDQ-02-3919 <br> * <br> * <br> * <br> * <br> * <br> * |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT**

Plaintiff, Ann L. Haught, by her attorneys, Joseph T. Mallon, Jr. and Mallon & McCool, LLC, submits this Memorandum in support her opposition to the Defendant's Motion to Dismiss, or, in the Alternative, for Summary Judgment.

I. **INTRODUCTION**

This action was filed pursuant to Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000(e), *et seq.*, and the age discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 *et seq.*, due to Ann L. Haught's allegations that she was discriminated against by her employer because of her age and sex.

The claim arose as a result of a downgrade in rank from GS-10 to GS-09. The demotion resulted in a decrease in pay and a corresponding reduction in Mrs. Haught's cost of living adjustments on her retirement. As a result in the potential loss of salary and

benefits, Mrs. Haught protested the decision and the downgrade was retroactively rescinded.

## II. **STATEMENT OF FACTS**

Mrs. Haught has been employed by the U.S. Army Corps of Engineers in the Executive Office for the past forty years. (See testimony taken during Agency Investigation on January 30, 2002 attached Exhibit 1 at pages 10-12). Her job title is Secretary and her duties include stenography. Mrs. Haught worked for the Corps of Engineers for forty-eight years. During that time, she never received a negative evaluation.

On March 30, 1999, Mrs. Haught was called into the office of her supervisor, Colonel Berwick, and told her that " [i]n view of [her] husband's health and [her] children, he really thought that [she] should retire and stay home and spend more time with [her] husband and children." (See Exhibit 1 at page 16, lines 5-10). Colonel Berwick went on to say that "… he wanted [her] to leave. He thought that [they] should go out together, that [she] knew so many more people in the Corps of Engineers than he did, and it would be a great, glorious farewell, because he didn't know that many people." (See Exhibit 1 at page 16, lines 12-17). On January 11, 2000, she had a similar conversation with Colonel Berwick in which he reiterated his desire that Mrs. Haught retire. (See Exhibit 1 at page 18, lines 16-21).

Mrs. Haught steadfastly refused to retire and in March 2000, learned that an audit was to be conducted on her and a female co-worker in the same office. The audit was to determine if the employees would maintain their job grade. (See Exhibit 1 at page 19, lines 3-9). On or about June 30, 2000, the Baltimore District Office received notification

that Mrs. Haught's position was to be downgraded from a GS-10 to GS-9.  On July 5, 2003 Mrs. Haught received notice of the action along with her appeal rights.  (See Exhibit 1 at page 36, lines 1-18).  The pay rank downgrade decreased Mrs. Haught's salary by five thousand two hundred seventy-one dollars per year ($5,271.00) and reduced the annual cost of living adjustment on her pension by one percent annually.  (See Affidavit of Ann L. Haught attached as Exhibit 2).

Mrs. Haught appealed the downgrade and notified Senators Sarbanes and Mikulski.  (See Exhibit 1 at page 43, lines 1-7).  After Mrs. Haught initiated her protest, the Army retroactively restored Mrs. Haught to a GS-10 grade.

### III. **STANDARD OF REVIEW**

#### A.  Motion to Dismiss

On a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint should not be dismissed . . . unless it appears beyond doubt that the plaintiff[s] can prove no set of facts in support of [their] claim which would entitle [them] to relief."  *Conley v. Gibson*, 355 U.S. 45-46 (1957).  The complaint is to be construed liberally in Plaintiffs' favor and the Court must grant Plaintiffs "the benefit of all inferences that can be derived from the facts alleged."  *Kowal v. MCI Communications Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

#### B.  Summary Judgment

Summary judgment may be granted only "if the pleadings . . . together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *Celotex*

*Corp. v. Catrelt*, 477 U. S. 317, 322 (1986).  Applying these standards, the trial judge's function at the summary judgment stage of the proceedings is not to weigh the evidence and determine the truth of the matter, but to determine whether there are genuine issues for trial.  *Quick v. Donaldson Co.*¸ 90F.3d 1372, 1376-77 (8th Cir. 1996).  In doing so, however, the trial court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence.  *Lytle v. Household Mfg., Inc.*, 494 U.S. 545, 554-555 (1990).  "Credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "Thus, although the court should review the record as a whole, it must disregard all evidence favorable to the moving party that the jury is not required to believe." *Reeves v. Sanderson Plumbing Products, Inc.,* 2000 WL 743663 *10 (June 12, 2000). "That is, the court should give credence to the evidence favoring the nonmovant as well as that "evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." *Id.*  An issue of material fact is genuine if it has a real basis in the record.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-587 (1986).  As to whether a factual dispute is "material," the Supreme Court has explained:   "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

## IV. ARGUMENT

**A.  Plaintiff Has Demonstrated an Adverse Employment Action.**

The Plaintiff has set forth facts that establish an adverse employment action. With the downgrade came a corresponding reduction in pay and pension benefits. The Defendant's decision to retroactively restore Ms. Haught's former pay grade did not eliminate the adverse action. Mrs. Haught still suffered as a result of the potential loss of salary and benefits. Title VII of the Civil Rights Act, as amended, 42 U.S.C. §§ 2000(e), *et seq.*, permits recovery for pain and suffering. As stated in her affidavit, Mrs. Haught suffered pain, embarrassment and mental anguish as a result of the Defendant's action.

If, as the Defendant suggests, no claim of discrimination exists when an employer retroactively rescinds an adverse action, than employers would be able to engage in any unlawful discriminatory behavior they desire as long as they rescind the action after the employee protests. The practical effect of such a precedent would be that employers could harass employees without fear of reprisal and ultimately use unlawful discriminatory means to eliminate minority employees. The legislature did not intend such a result and, by allowing for plaintiffs to recover for pain and suffering in Title VII actions, ensured that it could not occur.

**B. There is Direct Evidence of Discrimination.**

The Plaintiff has provided evidence that Colonel Berwick tried to convince her to retire on at least two occasions. The nature of his comments demonstrates that he expected her to follow his request because of her gender and age. The pay grade audit was carried out after the comments were made and after Mrs. Haught refused to retire. The statements reflect directly on the discriminatory attitude and demonstrate a temporal connection to the employment decision. See *Taylor v. Virginia Union Univ.*, 193 F.3d 219, 232 (4th Cir.1999) (en banc).

## V. CONCLUSION

The Defendant attempted to force Mrs. Haught into retirement because of her age and gender. The Defendant's action would have cost the Plaintiff in pay and retirement benefits. As a result of the action, the Plaintiff incurred pain and suffering, consequently, the Defendant's action was an adverse employment action and the Defendant's Motion to Dismiss or for Summary Judgment should be denied.

Respectfully submitted,

_____/s/_____
Joseph T. Mallon, Jr.
Mallon & McCool, LLC
16 South Calvert Street, Suite 1002
Baltimore, Maryland 21202
(410) 727-7887
Trial Bar No. 22878

Attorneys for the Plaintiff