IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| ANN L. HAUGHT, | * | |
| Plaintiff | * | |
| | * | Civil No. WDQ-02-3919 |
| | * | |
| HON. LES BROWNLEE, | * | |
| Acting Secretary, Dept of the Army, | * | |
| Defendant | * | |
| | * | |

\*     \*     \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Ann L. Haught has sued her employer, defendant The Honorable Les Brownlee, Secretary of the Army, under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e *et seq.* ("Title VII"), and the Age Discrimination in Employment Act of 1967("ADEA"), 29 U.S.C. §§ 621 *et seq.* Haught, at the time of filing a 72 year old female, has asserted that her employer discriminated against her because of her age and gender. Complaint at 1. For the following reasons, the defendant's motion for summary judgment will be granted.

## FACTS

The plaintiff was born on February 3, 1930 and has worked for the U.S. Army Corps of Engineers ("the Corps") for more than 48 years. Motion for Summary Judgment ("MSJ") Exhibit ("Ex.") 1 (1/30/02 Testimony of Ann Haught) at 11. She has been an executive secretary for the Executive Office of the Corps for about 11 years. *Id.* On December 24, 1991, Haught was promoted to a GS-10 pay grade. MSJ Ex. 2 (Job Description).

On November 4, 1999, the Corps' commanding general ordered the Engineer Inspector General to "conduct a systemic inspection of civilian classification and staffing requirements" and to make "recommendations for improving the accuracy of position classification[.]" MSJ Ex 4. The Engineer Inspector General's review of roughly 205 employee classifications was submitted to the Corps' Directorate of Human Resources which downgraded 38 positions–including the plaintiff's. MSJ Ex. 8 and 9. On June 30, 2000, the plaintiff's position was downgraded to a GS 9, effective on July 16, 2000. Ex. 11 and 12.

On October 23, 2000, after a review of the plaintiff's classification by the Army's Civilian Personnel Evaluation Agency, the downgrade was rescinded, and the plaintiff was restored to her GS 10 grade, effective July 16, 2000. Ex. 14 and 15.

On December 12, 2000, Haught filed a formal complaint with the Equal Employment Opportunity Commission alleging gender and age discrimination. Complaint ¶ 3. When more than 180 days elapsed without a decision on the complaint, this action was filed. Id. at ¶ 4.

## II. SUMMARY JUDGMENT

A defendant moving for summary judgment must show the absence of any genuine issue of material fact and that it is entitled to judgment as a matter of law. *Barwick v. Celotex Corp.*, 736 F.2d 946, 958 (4th Cir. 1984). Where, as here, the nonmoving party will bear the ultimate burden of persuasion at trial, "the burden on the moving party may be discharged by 'showing' -- that is, pointing out to the district court -- that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986).

Rule 56 of the Federal Rules of Civil Procedure requires a plaintiff, in advance of trial and after a motion for summary judgment has been filed and properly supported, to present some minimal facts to show that the defendant may be liable under the claims alleged. *See* Fed.R.Civ.P. 56(e). If the nonmoving party "fail[s] to make a sufficient showing on an essential element of his case with respect to which he has the burden of proof," then "the plain language of Rule 56(c) mandates the entry of summary judgment." *Catrett*, 477 U.S. at 323.

Although the facts and all reasonable inferences therefrom must be viewed in the light most favorable to the party opposing the motion, *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 364 (4th Cir. 1985), "when the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986). "'A mere scintilla of evidence is not enough to create a fact issue; there must be evidence on which a jury might rely.'" *Barwick*, 736 F.2d at 958-59 (*quoting Seago v. North Carolina Theaters, Inc.*, 42 F.R.D. 627, 640 (E.D.N.C. 1966), *aff'd*, 388 F.2d 987 (4th Cir. 1967)). Moreover, only disputed issues of material fact, determined by reference to the applicable substantive law, will preclude the entry of summary judgment. "Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986).

Absent the necessary minimal showing that the defendant may be liable under the claims alleged, the defendant should not be required to undergo the considerable expense of preparing for and participating in a trial. *See Catrett*, 477 U.S. at 323-24; *Anderson*, 477 U.S. at 256-57. District courts have "an affirmative obligation . . . to prevent 'factually unsupported claims and defenses' from proceeding to trial." *Felty v. Graves-Humphreys Co.*, 818 F.2d 1126, 1128 (4th Cir. 1987) (quoting *Catrett*, 477 U.S. at 323-24).

2

### III   TITLE VII AND ADEA

Title VII forbids disparate treatment; that is, an employer may not "discriminate against any individual with respect to [her] compensation, terms, conditions or privileges of employment because of such individual's . . .sex[.]" 42 U.S.C. § 2000e-2(a)(1). Disparate treatment "is the most easily understood type of discrimination[; an] employer simply treats some employees less favorably than others because of their . . . sex[.]" *Teamsters v. United States*, 431 U.S. 324, 335 n.15 (1977). Disparate treatment was the "most obvious evil" that prompted the enactment of Title VII. *Id.*

To establish that she has suffered unlawful employment discrimination, Haught must prove that "but for" her employer's discriminatory motive, she would not have suffered a cognizable injury. *William v. Cerberonics, Inc.*, 871 F.2d 452, 458 (4th Cir. 1989). Haught may carry this burden by establishing discrimination under ordinary principles of proof using direct or circum-stantial evidence from which an inference of discrimination may be drawn–such as under the proof scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *O'Connor v. Consoli-dated Coin Caterers Corp.*, 84 F.3d 718, 719 (4th Cir. 1996); *Williams*, 871 F.2d at 455. *Dugan v. Albemarle County Sch. Bd.*, 293 F.3d 716, 721 (4th Cir. 2002).

The Title VII analysis has also been applied in ADEA cases. *Duke v. Uniroyal, Inc.*, 928 F.2d 1413, 1417 (4th Cir. 1991).

If the plaintiff has established a prima facie case of employment discrimination, then the defendant has the burden of articulating a legitimate, non-discriminatory reason for the employ-ment action. *O'Connor*, 84 F.3d at 719. The articulation of a legitimate, nondiscrimina-tory reason for the adverse action rebuts the inference of discrimination raised by her proof of a prima facie case. At that point, the ultimate burden shifts back to plaintiff to prove by a preponderance of the evidence that the proffered explanation was a pretext and that defendant intentionally discriminated against her on the basis of age and gender. *Id.*

To defeat defendant's motion for summary judgment, the plaintiff must point to evidence in the record from which a reasonable factfinder could infer that defendant's action was based upon her age and gender or that defendant's proffered legitimate, nondiscriminatory reason for the adverse employment action was a pretext for unlawful discrimination. *Id.* A plaintiff in a Title VII case may prevail by merely showing that the employer's proffered reason for its action was pretextual because such a showing is "simply one form of circumstantial evidence that is probative of intentional discrimination." *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 120 S. Ct. 2097, 2108, 147 L. Ed. 2d 105 (2000). Thus, "a plaintiff's prima facie case, combined with sufficient evidence to find that the employer's justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." *Id.* at 2109.

Pretext may be proved by direct evidence, statistics, or comparative evidence (i.e., evidence that similarly situated male or younger employees did not receive the same adverse treatment).

3

*Miles v. M.N.C. Corp.*, 750 F.2d 867, 870 (11th Cir. 1985).

## IV. DISCUSSION

Haught has established that she is a member of protected classes. However, she has failed to establish that the temporary demotion had a cognizable, adverse effect on "the essential terms, conditions and benefits" of her employment. Von Gunten v. Maryland, 243 F.3d 858,866 (4th Cir 2001). Accordingly, the plaintiff has failed to produce evidence on a necessary element of her prima facie case; summary judgment for the defendant is appropriate. *See Catrett*, 477 U.S. at 323 (failure of proof on an essential element of nonmovant's case "mandates the entry of summary judgment."). That evidentiary failure also vitiates Haught's § ADEA claim.

## V. CONCLUSION

For foregoing reasons, the motion for summary judgment will be GRANTED.

Date  7/14/3

WILLIAM D. QUARLES, JR.
United States District Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

|  |  |  |
|---|---|---|
| ANN L. HAUGHT, | * | |
| Plaintiff | * | |
| v. | * | Civil No. WDQ-02-3919 |
| | * | |
| HON. LES BROWNLEE, | * | |
| Acting Secretary, Dept of the Army, | * | |
| Defendant | * | |
| | * | |
| * | * | * |

## ORDER

For the reasons stated in the accompanying Memorandum Opinion, it is this 14th day of

July 2003

ORDERED that the defendant's Motion for Summary Judgment BE, and hereby IS,

GRANTED; and it is

FURTHER ORDERED that the clerk shall enter judgment for the defendant.


WILLIAM D. QUARLES, JR
United States District Judge

5